```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION


IN RE:

ANDREW J. GRIFFIN

DEBTOR                                              CASE NO. 06-50061


J. JAMES ROGAN, TRUSTEE                             PLAINTIFF


VS.                                                 ADV. NO. 06-5099


COUNTRYWIDE HOME LOANS;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC.; AMERICA'S WHOLESALE LENDERS           DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Defendants' Motion for Summary Judgment, the Plaintiff's Response and the Defendants' Reply. This is one of several matters under consideration by the court in which the trustee has alleged that he may avoid a mortgage pursuant to Bankruptcy Code section 544(a) because it contains a defective certificate of acknowledgment. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is core proceeding pursuant to Judicial Code section 157(b)(2)(K).

    1.   <u>Factual and procedural background</u>

The Debtor executed a mortgage on property in Hustonville, Kentucky in favor of Defendant America's Wholesale Lenders on June 27, 2005. The Plaintiff's Complaint alleges that the mortgage contained a defective acknowledgment in that the notary was not present to certify that the Debtor appeared before him at the closing. This allegation

1

is based on the Debtor's testimony to that effect at the first meeting of creditors.  The Plaintiff further alleges that the failure to properly notarize the Debtor's signature rendered the mortgage unrecordable, and that he, as a hypothetical bona fide purchaser of real property, may avoid any interest the Defendants may have in the subject property.  The Plaintiff does not challenge the facial validity of the acknowledgment, and copies of the subject mortgage filed as exhibits in this matter demonstrate that the notary certificate is facially valid.

The Defendants' Answer offers as an affirmative defense the Plaintiff's failure to join an indispensable party, i.e., the notary. The Defendants allege that pursuant to KRS 61.060, the Plaintiff may not challenge a notary acknowledgment unless he does so in a direct suit against the public official.  The Defendants' Motion for Summary Judgment addresses this issue briefly by stating that the notary testified at his deposition on July 19, 2006 that he recalled the mortgage closing and witnessed the Debtor's signing of the mortgage. The Defendants argue that they are entitled to judgment as a matter of law because the Plaintiff has only the Debtor's testimony to support his contention that the notary was not present at the closing, and that this is insufficient proof to overcome their Motion.

The Defendants expend the remainder of their summary judgment argument, however, on the effect of amended KRS 382.270, as does the Plaintiff in his Response, and the Defendants in their Reply.  Because the court believes that the application of KRS 61.060 may be the dispositive issue here, the court declines to address the issue of amended KRS 382.270 at this time.

2. <u>Discussion</u>

The Defendants' Answer cites KRS 61.060 which prevents attack on a notary certificate which appears to be proper in all respects. That statute provides:

> No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon allegation of fraud in the party benefitted thereby or mistake on the part of the officer.

KRS 61.060. The Defendants argue that since the within action is not against the notary, the Plaintiff's attack must fail and he may not avoid the mortgage. An allegation of fraud on the part of the party benefitted or mistake on the part of the notary may also be made, as set out in the statute. Kentucky courts have interpreted this statute and its predecessor on many occasions.

In *Byers v. First State Bank*, 166 S.W. 790, Ky. (1914), Byers alleged that she had never signed or acknowledged a note and mortgage, and had not authorized anyone else to sign for her. According to the court, her allegations constituted

> an attempt to impeach the verity of the notary's certificate. . . .
> It will be noticed that this action was not one against the notary or his surety; but the plea does call in question the facts certified by him. There is not allegation of fraud or mistake in the answer. If it was a fraudulent or untruthful certificate, the appellee bank is the party benefited by it; but there is no allegation in the answer charging fraud on the part of the appellee or any one, nor is there a charge of even so much as a mistake on the part of the notary. In the absence of these allegations, there was no warrant for the introduction of parol testimony to contradict or impeach any of the facts recited in the certificate. Therefore they must be taken as true, and . . . the officer's certificate sustained both the note and the mortgage given to secure it.

*Id*. at 791.

In *Skaggs v. Vaughn*, 550 S.W.2d 574, Ky.App. (1977), Skaggs asserted that he had not signed a deed purporting to convey his farm to two nieces. The court, in upholding the grant of summary judgment to the nieces by the Larue Circuit Court, stated:

> Although Skaggs denied that the signature on the deed was his, this court concludes that the pleadings are not sufficient to raise the issue of forgery. The deed of November 29, 1968 contains a notary's certificate that Skaggs and his wife acknowledge the deed to be their act and deed. The complaint does not allege fraud on the part of the grantees in obtaining the notary certificate, nor does the complaint allege mistake on the part of the notary. In the absence of such allegations, Skaggs cannot allege that he did not execute the deed.

*Id.*, at 576 (citing KRS 61.060). In *Spicer v. Spicer*, 236 S.W.2d 474, Ky. (1951), the court was even more emphatic: "We have many times written that an officer's certificate imparts absolute verity unless attacked in a direct proceeding against the officer or his surety, or unless there is an allegation of fraud in the obtention of the certificate by the party benefitted, or mistake upon the part of the officer." *Id.*, at 476.

The case law on the application of KRS 61.060 supports the finding that a notary certificate may not be attacked without bringing an action directly against the notary, or by alleging fraud on the part of the party benefitted or mistake on the part of the notary. As stated by the court in *Byers*, "[The statute] provides that *no fact* officially stated by [a notary] shall be called in question, except upon the allegation of fraud or mistake. There should be a direct allegation of fraud or mistake, together with the facts constituting it." *Byers v. First State Bank*, 166 S.W. at 791. Because this case is in its initial stages, it is appropriate and fair that the

4

Plaintiff have a chance to amend his Complaint, if he can do so, to allege fraud or mistake or both and facts supporting such claims. The court will allow the Plaintiff ten days in which to so amend his Complaint, failing which the court will enter an order sustaining the Defendants' Motion for Summary Judgment. It is hereby so ordered.

Copies to:

Erica N. Galyon, Esq.
John M. Simms, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***

**Signed By:**
***William S. Howard***
**Bankruptcy Judge**
**Dated: Thursday, October 05, 2006**
**(wsh)**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~